IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BETTY CECIL                                                          PLAINTIFF
1800 West Jefferson Street
Louisville, Kentucky 40203


                                          Case No. 3:16-cv-546-GNS

v.

                                          Judge Stivers



CAPITAL ONE BANK (USA), N.A.                                        DEFENDANTS
1680 Capital One Drive
McLean, Virginia 22102

          SERVE:      David Willey, Member, Board of Directors
                      1680 Capital One Drive
                      McLean, Virginia 22102
                      (BY KENTUCKY SECRETARY OF STATE)


AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

          SERVE:      CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

                        ** ** ** **

                    **VERIFIED COMPLAINT**

     Comes the Plaintiff, Betty Cecil, by counsel, and for her Verified Complaint against the

Defendants, Capital One Bank (USA), N.A. ("Capital One") and Experian Information Solutions,

Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Capital One's failure to investigate Plaintiff's credit reporting dispute, Capital One's false reporting to Experian of an alleged delinquent debt, and Experian's failure to investigate Plaintiff's credit reporting dispute and its failure to correct Capital One's false reporting on Plaintiff's Experian credit report.

## II. PARTIES

2.      Plaintiff, Betty Cecil, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1800 West Jefferson Street, Louisville, Kentucky 40203.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Capital One, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

5.      Capital One is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7.      Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"

as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

10.     In or around March 1994, Plaintiff's husband, James B. Cecil III, and Plaintiff opened a revolving credit account with Capital One, account number 529107130543****.

11.     Mr. Cecil passed away in March 2012.  From the inception of the account up to and including June 2012, Plaintiff paid the Capital One account on time and as agreed.

12.     Upon information and belief, beginning in or around July 2012, Capital One ceased billing Plaintiff for the account.  In or around early 2013, Plaintiff received a Form 1099-C from Capital One informing Plaintiff of a charge off and forgiveness of the alleged account balance. Upon information and belief, Capital One contemporaneously filed the Form 1099-C with the Internal Revenue Service.

13.     In 2013, subsequent to receiving the Form 1099-C, Plaintiff contacted Capital One and was advised of Capital One's error in failing to bill Plaintiff on the account and was further advised that the Form 1099-C was sent in error and that Capital One would send an amendment disavowing the charge-off and Plaintiff's alleged tax liability for the account balance.

14.     Capital One never sent Plaintiff an amended Form and Plaintiff remained liable for the alleged tax liability reflected on Capital One's Form 1099-C.

15.      Frustrated, on one hand, with Capital One's confirmation of its mistakes with respect to its failure to bill Plaintiff on the account and its charge-off of the account, and, on the

other hand, with Capital One's failure to amend the Form 1099-C, Plaintiff paid income tax on the charged off amount for the 2013 tax year.

16.     In July 2015, Plaintiff applied for credit from PNC Bank.  During the process of applying for credit, Plaintiff discovered a derogatory tradeline furnished by Capital One on her Experian credit report.  The tradeline stated that the Capital One account was "charged off/never late"; that Capital One charged off the account in July 2012; and that Plaintiff owed a past due balance on the Capital One account in excess of $1,966.00.  PNC Bank denied Plaintiff's application for credit based on the Capital One tradeline.

17.     Immediately upon her discovery of the derogatory reporting furnished by Capital One, Plaintiff filed a dispute with Experian regarding the alleged past due amount.

18.     Upon information and belief Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Capital One of the dispute at or within five (5) days of Experian's receiving notice of the disputes from Plaintiff.

19.     In late August 2015 Experian verified the alleged past due Capital One account.

20.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Capital One and Experian failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

21.     Upon information and belief Capital One and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend their reporting of the disputed item within a reasonable time following Capital One's and Experian's receipt of Plaintiff's dispute.

22.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure

to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – Capital One

23.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     Capital One's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due account were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, Capital One breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

25.     Capital One's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

26.     Capital One's failure to investigate Plaintiff's dispute and its false reporting to Experian regarding the alleged past due account were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

27.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due Capital One account, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.  In failing to investigate Plaintiff's

dispute and in failing to delete and/or amend its reporting of the alleged past due account, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

29.     Experian's negligent failure to delete and/or amend its reporting of Plaintiff's alleged past due Capital One account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

30.     Experian's failure to delete and/or amend its reporting of Plaintiff's alleged past due Capital One account, despite Plaintiff's lawful notices to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Capital One

31.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.     Capital One, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Experian credit reports, that Plaintiff has a past due account with Capital One in the amount of $1,966.00.  Capital One's statements were false and were made with conscious disregard for the rights of the Plaintiff.

33.     Capital One's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Capital One account amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Experian**

34.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Capital One and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account balance with Capital One in the amount of $1,966.00. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

36.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged Capital One account balance amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – Capital One**

37.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian of Plaintiff's alleged past due Capital One account is a violation of Capital One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

39.     Capital One's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Capital One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

40.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Capital One account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

42.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Capital One**

43.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44.     Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to  Experian of Plaintiff's alleged past due Capital One account, despite Capital One's knowledge of the falsity of its reporting, is a willful violation of Capital One's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

45.     Given Capital One's knowledge of the falsity of its reporting, Capital One's

violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Capital One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

46.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Capital One account despite Experian's knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

48.    Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

49.    Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Betty Cecil, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.


                        Respectfully submitted,


                        */s/David W. Hemminger*
                        David W. Hemminger
                        HEMMINGER LAW OFFICE, P.S.C.
                        616 South Fifth St.
                        Louisville, KY  40202
                        Phone, (502) 443-1060
                        Facsimile, (502) 589-3004
                        hemmingerlawoffice@gmail.com
                        *Counsel for Plaintiff*

## **VERIFICATION**

I, Betty Cecil, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

Betty Cecil

COMMONWEALTH OF KENTUCKY    )
                                               ) SS

COUNTY OF JEFFERSON                )

Subscribed, sworn to and acknowledged before me by Betty Cecil this ____ day of

_____, 2016.

_____

Notary Public

Commission expires:_____