UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00546-GNS

BETTY CECIL                                                                                              PLAINTIFF

v.

CAPITAL ONE BANK (USA), N.A.                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 12). No response was filed by Plaintiff. For the reasons outlined below, the motion is **GRANTED**.

### I.     STATEMENT OF FACTS AND CLAIMS

As alleged in the Complaint, Plaintiff Betty Cecil ("Cecil") discovered in 2015 that Defendant Capital One Bank (USA), N.A. ("Capital One") had erroneously reported to the credit bureau Experian Information Solutions, Inc. ("Experian") that one of Cecil's accounts had been charged off. (Compl. ¶ 16, DN 1). Cecil has alleged that "[d]espite [her] lawful request for removal of the disputed item . . . , Capital One and Experian failed to investigate [her] dispute and failed to remove the item from [her] credit report." (Compl. ¶ 20).

Plaintiff then filed this action against Capital One and Experian asserting, *inter alia*, claims of negligence, defamation, and a violation of 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act ("FCRA"). (Compl. ¶¶ 23-49). During the pendency of this action, Plaintiff settled her claims with Experian. (Agreed Order Dismissal, DN 14). Capital One has moved to dismiss the state-law claims of negligence and defamation on the bases that such claims are preempted by the FCRA and time barred by the applicable statutes of limitations. (Def.'s Mem. Supp. Mot. Dismiss 3-13, DN 12-1). Cecil did not respond to the motion, which is now ripe for adjudication.

1

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV. DISCUSSION

### A. Applicable Statutes of Limitation

Under Kentucky law, the statute of limitations is one year for both negligence and defamation. *See* KRS 413.140(1)(a), (d). As alleged in the Complaint, Cecil discovered in July

2015 that Capital One had provided the allegedly false information to the credit bureau. (Compl. ¶ 16). Plaintiff, however, did not file this action until August 25, 2016. She has not disputed the untimely assertion of these state-law claims. *See Paulmann v. Hodgdon Power Co.*, No. 3:13-CV-00021-CRS-DW, 2014 WL 4102354, at *1 (W.D. Ky. Aug. 18, 2014) ("Failure to respond to a dispositive motion will be grounds for granting the motion." (citations omitted)). *See also* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion." Accordingly, Cecil's negligence and defamation claims are time barred by their respective one-year statutes of limitations, and those claims will be dismissed.

### B. Preemption

Capital One also argues that such claims are preempted by the FCRA. In light of the Court's determination that those state-law claims are time barred, however, it is unnecessary for the Court to address the issue of preemption.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 12) is **GRANTED**, and Plaintiff's claims of negligence and defamation against Capital One Bank (USA), N.A. are **DISMISSED WITH PREJUDICE** because they are time barred. This motion does not address the remaining claims arising under the Fair Credit Reporting Act.

Greg N. Stivers, Judge
United States District Court
August 28, 2017

cc: counsel of record